In Re: Appeal of Peter Gregory and Reginald Foster From Suspension by the Borough of Aliquippa, County of Beaver and Commonwealth of Pennsylvania. Borough of Aliquippa, Appellant.

590

Argued May 6, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Blatt, sitting as a panel of three.

*Joseph M. Stanichak,* for appellant.

*Arthur S. Herskovitz,* for appellees.

Opinion by Judge Blatt, June 22, 1977:

The Borough of Aliquippa (Borough) has appealed from an order of the Court of Common Pleas of Beaver County which reversed the decision of the Aliquippa Civil Service Commission (Commission) and which reinstated two policemen who had been suspended by the Commission.

Peter Gregory and Reginald Foster, two Borough patrolmen, had been suspended from their police du-

ties for a period of thirty days each by the Borough Council following an incident in which they could not be reached by police headquarters for approximately five minutes. The record reveals that the two men had left their patrol car without turning on their portable communications unit. Upon discovering this fact, they then turned the unit on, contacted their headquarters and learned that their assistance was needed at the scene of an accident to which they went at once. The Commission held a hearing and reduced the period of suspension from thirty to twenty days. On appeal to the court of common pleas, the decision of the Commission was reversed and the two patrolmen were reinstated with back pay. This appeal followed.

In a civil service proceeding where, as here, the lower court took no additional evidence, our scope of review is to determine whether or not the civil service commission abused its discretion or committed an error of law. *Appeal of Alvin H. Zimmett*, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977). Here we must agree with the lower court that the Commission committed an error of law in suspending these two policemen on the charge that each, "having knowledge of a specific and lawful order to respond to a radio call . . . [did] fail and refuse to respond to said radio call, an order which it was his duty to obey."

The record here contains no evidence that the patrolmen *knowingly* failed to respond to a radio call, and it is uncontradicted that the officers simply forgot to turn on their walkie-talkie when they left their vehicle and were consequently unable to hear the particular call concerned. Immediately upon their discovery that the equipment had not been turned on, the policemen contacted headquarters and were thus only momentarily delayed in reaching the scene of the accident regarding which the headquarter's personnel

592

had been trying to reach them. The Commission apparently concluded here that the policemen had also violated police regulations in failing to report that they were leaving their vehicle. The record establishes, however, that no such regulation existed and, in fact, the testimony of three witnesses, including the Borough chief of police, established that the usual practice was not to report his vehicle out of service if the policeman concerned had a portable communications unit with him. While we certainly do not condone a police officer's negligence in failing to maintain communications at all times while on duty, the record simply does not support the specific charges brought against these patrolmen.

We will, therefore, affirm the decision of the court below which reversed the Commission's suspension and which reinstated Peter Gregory and Reginald Foster with full compensation.

ORDER

AND Now, this 22nd day of June, 1977, the order of the Court of Common Pleas of Beaver County is affirmed.