OPINION OF THE COURT
 

 Jasen, J.
 

 On this appeal, the sole issue presented for our consideration is whether the penalty imposed on a corporate licensee by the State Liquor Authority is excessive.
 

 On June 1, 1974, respondent State Liquor Authority issued petitioner 17 Cameron St. Restaurant Corp., doing business as Dillons, a restaurant liquor license for the on-premises consumption of alcoholic beverages. That license was renewed annually, the last such renewal having been made for the license period expiring February 28, 1979. However, on June 26, 1978, respondent commenced a proceeding pursuant to sections 118 and 119 of the Alcoholic Beverage Control Law to revoke petitioner’s license upon the ground that one of petitioner’s coprincipals, Howard Kolbenhayer, a 50% shareholder of petitioner, had been convicted of a felony, to wit: criminal sale of a controlled substance in the fifth degree. Petitioner entered a plea of no contest and offered evidence of mitigating circumstances. Thereafter, on November 1, 1978,
 
 *512
 
 respondent ordered that petitioner’s license be revoked, that petitioner forfeit a $1,000 bond which had been given to ensure compliance with the Alcoholic Beverage Control Law and that a two-year proscription against the sale of alcoholic beverages be entered on the premises at 17 Cameron Street, Southampton, New York.
 

 Petitioner commenced the instant CPLR article 78 proceeding contending that the penalty ordered by respondent was excessive. Upon transfer from Supreme Court, the Appellate Division granted the petition to the extent that it modified, on the law, the determination of the State Liquor Authority by reducing the penalty to the bond forfeiture alone. As so modified, the determination of respondent was affirmed. Respondent appeals from this judgment. There should be a reversal.
 

 It should be noted at the outset that petitioner does not deny the existence of the facts underlying the revocation proceeding, nor does it now contend that a disciplinary proceeding could not properly be based upon these facts. Rather, petitioner’s sole contention is that the sanction imposed by respondent was excessive. In this situation, the role of the courts in reviewing the penalty imposed by an administrative agency is extremely limited. Indeed, it is well settled that "where the finding of guilt is confirmed and punishment has been imposed, the test is whether such punishment is ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one’s sense of fairness”.’ ”
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 233;
 
 Matter of Stolz v Board of Regents of Univ. of State of N. Y., 4
 
 AD2d 361.) We cannot say, as a matter of law, that the penalty imposed was excessive in this case.
 

 It is beyond dispute that the liquor industry has a significant impact upon the health, welfare and morals of the people of this State and that it must, of necessity, be strictly controlled. Further, the power of the State to regulate every facet of this industry has long been recognized by the courts. (See, e.g.,
 
 Seagram & Sons v Hostetter,
 
 16 NY2d 47, 56, affd 384 US 35.) As a result, those who engage in the sale of intoxicants do so with the knowledge that their business conduct will be subject to constant scrutiny and that any violation of the law governing their trade is subject to a penalty commensurate with the nature of the offense. Thus, where it has been shown that a coprincipal of a corporate
 
 *513
 
 licensee has engaged feloniously in the sale of illegal drugs, it cannot be said that the penalty of license revocation and the entry of a two-year proscription against the premises formerly operated by the guilty coprincipal is so disproportionate as to be shocking to one’s sense of fairness. Trafficking in narcotics is a serious national problem and the authority, in imposing the sanctions, took cognizance of this fact.
 

 Nor can it be said that the inability of the remaining coprincipal to do business under the corporate license requires us to reach a contrary conclusion. As we have noted in a case involving the operation of a nursing home, another regulated industry, the disqualification of only one of two partners authorized to operate the nursing home does not oblige the licensing agency to continue such authorization for the benefit of the remaining partner alone.
 
 (Matter of Spiegel v Whalen,
 
 44 NY2d 745.) The innocence of one co-owner of petitioner does not diminish the wrongdoing of his associate, nor does it obviate the necessity of penalizing this corporate petitioner where its president, who held 50% of its stock, has been shown to have engaged feloniously in the sale of illegal drugs. In our view, this penalty against the corporate licensee does not become excessive merely because it may have a financial effect upon a shareholder of the guilty corporation. This is a risk any shareholder assumes when a corporation operates a licensed premises.
 

 For the above reasons, the judgment of the Appellate Divij sion should be reversed, with costs, and the determination of the State Liquor Authority reinstated.
 

 Chief Judge Cooke and Judges Jones, Wachtler, Fuchs-berg and Meyer concur; Judge Gabrielli taking no part.
 

 Judgment reversed, etc.