Borough of Jenkintown, Appellant *v.* Civil Service Commission of Jenkintown and Officer Richard B. Lizzio, Appellees.

Submitted on briefs April 2, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

184

*Frank W. Jenkins,* with him, *George B. Ditter, Jenkins, Tarquini & Jenkins,* for appellant.

*Richard W. Berlinger,* for appellee, Officer Richard B. Lizzio.

OPINION BY JUDGE BARBIERI, July 20, 1984:

The Borough of Jenkintown (Borough) appeals here from an order of the Court of Common Pleas of Montgomery County affirming an order of the Civil Service Commission of the Borough of Jenkintown (Commission) which ordered the Borough to pay ten days back pay to Richard B. Lizzio, a Borough police officer. We reverse.

The facts in this case are not in dispute. In the spring of 1981 a decal of a pig was placed on a wall in the Borough's police station with the name "Gloria" written on it, an apparent reference to the Borough Manager's secretary, Gloria Shenker, who is jewish. At some time thereafter Officer Lizzio added the word "jew" to the decal. Following an investigation into this incident, the Borough Council suspended Officer Lizzio, without pay, for a period of fifteen days pursuant to Section 1190(4) of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190(4), since in the Borough Council's view

his conduct adding the word "jew" to the decal constituted conduct unbecoming an officer. Officer Lizzio then requested, and received, a hearing before the Commission on his suspension. After evaluating the evidence presented, the Commission determined that Officer Lizzio had in fact added the word "jew" to the decal and concluded that this conduct constituted conduct unbecoming an officer. The Commission further concluded, however, citing our decision in *Borough of Bristol v. Downs*, 48 Pa. Commonwealth Ct. 46, 409 A.2d 467 (1979), (1) that the Borough had "abused its discretion by imposing a penalty out of proportion to the charge proved[,]" and (2) that Officer Lizzio should only have been suspended for five days. The Commission accordingly ordered the Borough to pay Officer Lizzio ten days back pay. The common pleas court, without taking any additional evidence, subsequently affirmed this decision on appeal, and the present appeal followed.

"In a civil service proceeding where, as here, the lower court took no additional evidence, our scope of review is to determine whether or not the civil service commission abused its discretion or committed an error of law." *Gregory and Foster Appeal*, 30 Pa. Commonwealth Ct. 589, 591, 374 A.2d 772, 772 (1977).

We have repeatedly recognized that under the provisions of the Code, "the borough council has the primary responsibility and discretion for determining whether or not and how a police officer should be disciplined." *Id.* at 49, 409 A.2d at 469; *Appeal of Zimmett*, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977). We have therefore stated that

> [i]t is necessary that both court and commission give due respect and weight to the action of the duly constituted municipal body which is authorized to act with respect to charges against

members of the police force. Accordingly, we must weigh the reasons for which the Commission overrode the Council's primary discretion to determine whether it abused its discretion. *Id.* at 107, 367 A.2d at 384.

Here, the Commission concluded that the Borough Council had abused its discretion by imposing a fifteen-day suspension (1) since Officer Lizzio admitted that he had performed the action complained of and had characterized his actions as "regrettable[,]" (2) since Officer Lizzio had not placed the decal on the wall nor the name "Gloria" on the decal, (3) since other individuals in the police department had not removed the decal, (4) since the decal was located in "an extremely out-of-the-way location[,]" (5) since Mrs. Shenker had testified that she had been "annoyed" but not "angry" upon discovering the decal, and (6) since Officer Lizzio had "already been humiliated by newspaper articles on the incident. . . ."[1] None of these factors, however, in any way alter the fact that Officer Lizzio engaged in conduct which, as the Commission itself found, constituted conduct unbecoming an officer. Hence we are not confronted here, as we were in *Downs,* with a situation where the evidence presented to the Commission indicated that some, but not all, of the *charges* which were brought against the officer were supported by the evidence. Instead we are confronted with a situation similar to that in *Banks v. Board of Commissioners of Uppermoreland Township,* 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973), involving analogous provisions of the First Class Township Code,[2] where the civil service

---

[1] There is no indication in the record before us, nor did the Commission find, that the Borough Council was unaware of these facts when it chose to suspend Officer Lizzio for fifteen days.

[2] Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§55101-58502.

commission found that the charges brought against the Officer were proper, but concluded that the penalty imposed was excessive. We there stated, referring to Section 645 of the First Class Township Code,[3] 53 P.S. §55645:

> We can find nothing in this section which would authorize the Commission to modify a penalty imposed by the Township when it also finds that, as a matter of law, the Township has produced sufficient evidence to justify the penalty it has imposed. The purpose of the Commission clearly seems to be to protect employees from arbitrary or discriminating Township action,

---

[3] Section 645 reads in pertinent part as follows:

If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing unless continued by the commission for cause at the request of the township commissioners or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel. The township commissioners, or the chief of police when the township commissioners are not in session, may suspend any such person without pay pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then the person sought to be suspended, removed or demoted shall be reinstated with full pay for the period during which he was suspended, removed or demoted, and no charges shall be officially recorded against his record.

. . . .

In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper. No order of suspension made by the commission shall be for a longer period than one year. . . .

not to usurp the functions of elected Township officials in the administration of their duties. *Id.* at 398, 298 A.2d at 925.

We similarly believe after carefully reviewing Section 1191 of the Code, 53 P.S. §46191[4], the analogous section to Section 645 of the First Class Township Code, that absent evidence of arbitrary or discriminatory conduct, or an abuse of discretion, the Commission has no authority to modify the penalties imposed by borough officials for violations of the Code where the charges brought against the Officer are found by the Commission to be supported by the evidence and

---

[4] Section 1191 of the Code reads in pertinent part as follows: If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing, unless continued by the commission for cause at the request of the council or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel. The council may suspend any such person, without pay, pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then the person sought to be suspended, removed or demoted shall be reinstated with full pay for the period during which he was suspended, removed or demoted, and no charges shall be officially recorded against his record. A stenographic record of all testimony taken at such hearings shall be filed with, and preserved by, the commission, which record shall be sealed and not be available for public inspection in the event the charges are dismissed.

All parties concerned shall have immediate right of appeal to the court of common pleas of the county, and the case shall there be determined as the court deems proper. No order of suspension made by the commission shall be for a longer period than one year. Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and shall be by petition. . . .

where the penalties imposed are not otherwise prohibited.

Since our review of the Code reveals no restrictions on the length of a suspension which may be imposed for a violation of Section 1190(4) of the Code, and since there is no evidence of record indicating that the Borough Council's selection of a fifteen-day suspension period was in any way arbitrary or discriminatory or an abuse of discretion, we believe that the Commission erred as a matter of law by modifying Officer Lizzio's suspension period.

We shall accordingly reverse.

ORDER

Now, July 20, 1984, the order of the Court of Common Pleas of Montgomery County at No. 82-15401, dated December 7, 1982, is hereby reversed and the penalty fixed by the Borough Council of the Borough of Jenkintown is hereby reinstated.