691 P.2d 326

**Fred W. BEAR, Plaintiff-Appellant,**

v.

**R.B. NICHOLLS, Commissioner of the Arizona Department of Real Estate, and the Arizona Department of Real Estate, Defendants-Appellees.**

**No. 1 CA–CIV 6579.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 20, 1984.

Robbins & Green, P.A. by Janet B. Hutchison, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Division, and Thomas A. Stoops, Susan B. Lagerman, Asst. Attys. Gen., Phoenix, for defendants-appellees.

OPINION

FROEB, Judge.

Three issues are presented in this appeal from the order affirming the revocation of appellant's broker's license by appellee Real Estate Commissioner:

1. Whether a conviction based upon a nolo contendere plea constitutes a "conviction" for purposes of A.R.S. § 32–2153(B)(2);

2. Whether a conviction for willful tax evasion constitutes a crime of moral turpitude for purposes of A.R.S. § 32–2153(B)(5);

3. Whether the commissioner abused his discretion by revoking the broker's license, rather than suspending him for six months as recommended by the hearing officer.

We find no error in the trial court's resolution of these issues and affirm the judgment.

The facts are not in dispute. Appellant Fred W. Bear was a licensed real estate salesman in the State of Arizona. On July 2, 1979, appellant was convicted in the United States District Court for the District of Arizona on four felony counts of willful attempt to evade income taxes.

On May 7, 1980, the Arizona Department of Real Estate (hereafter Department) filed a complaint against appellant based on these convictions. The Department sought suspension or revocation pursuant to A.R.S. §§ 32–2153(B)(2), 32–2153(B)(5) or 32–2153(A)(16). The hearing officer for the Department made the following conclusions of law:

1. Respondent's conviction of willful attempt to evade income taxes, as set forth above, does not constitute a violation of A.R.S. Section 32–2153(A)(16), since no proof was offered that it involved activities undertaken "in the performance of/or attempt to perform any acts authorized by such [real estate] license...."

2. Respondent's conviction, as set forth above, does fall within the meaning of conviction of a felony as set forth in A.R.S. Section 32–2153(B)(2) and is therefore grounds for suspension or revocation of respondent's real estate salesman's license.

3. Respondent's conviction, as set forth above, likewise falls within the class of facts proscribed by A.R.S. § 32–2153(B)(5) and is thus further grounds for suspension or revocation of respondent's real estate license.

The hearing officer recommended that appellant's real estate salesman's license be suspended for a period of six months. The matter was then reviewed by the Real Estate Commissioner, R.B. Nicholls. The Commissioner approved and adopted the findings of fact and conclusions of law of the hearing officer, but declined to follow the recommended six-month suspension as the sanction to be imposed. Instead, he ordered a revocation of appellant's salesman's license, effective upon receipt of the order dated December 1, 1980.

The Department moved for a modification of the order on the basis that appellant had replaced his salesman's license with a broker's license before the hearing, and the Department wished to have the order modified to reflect revocation of the broker's license. Appellant also moved for rehearing. The Commissioner denied appellant's motion and granted the Department's motion by separate orders, both dated January 9, 1981.

Appellant then filed a complaint in the superior court, seeking review of the Commissioner's order. By final order dated April 13, 1982, the superior court denied the relief sought by appellant and affirmed the decision of the Commissioner. Also, by a formal judgment dated April 14, 1982, the court again affirmed the administrative decision, and awarded costs against appellant. He timely appealed from the April 14, 1982, judgment.

The first argument presented is that a "conviction based upon a nolo contendere plea is not a 'conviction' for purposes of A.R.S. § 32–2153." It is undisputed that appellant has been convicted of a felony in the United States District Court for the District of Arizona. He argues, however, that a conviction based on a nolo contendere plea is only relevant to the charge under which the plea is made and that it cannot be used in any other proceeding for any other purpose. We disagree.

■ A.R.S. § 32–2153(B)(2) provides that the Commissioner may revoke a license where that person has "been convicted of a felony in a court of competent jurisdiction in this or any other state...." The statute draws no distinction between a conviction based on a nolo contendere plea and one based on a conviction after a trial or a guilty plea. If the legislature had intended that a conviction based on a nolo contendere plea would not to be applicable under A.R.S. § 32–2153(B)(2), it could have easily written the statute to that effect.

The use of the word "conviction" in the Arizona Rules of Criminal Procedure and statutes further supports this conclusion. Rule 26.2(b), Arizona Rules of Criminal Procedure, provides that a judgment of conviction is rendered "[u]pon a determination of guilt...." Rule 26.1(c) defines a determination of guilt as "a verdict of guilty by a jury, a finding of guilt by a court following a non-jury trial, *or the acceptance by the court of a plea of guilty or no contest.*" (Emphasis added.) The term "conviction" is an integral part of several criminal statutes. For instance, a prior conviction is relevant to sentencing under the recidivist statute, A.R.S. § 13–604. Also, rule 609, Arizona Rules of Evidence, allows for the impeachment of witnesses by evidence of conviction of a crime. Neither of these statutes expressly makes an exception for a conviction based upon a plea of nolo contendere, nor has such an exception been judicially read into these statutes.

While no Arizona decisions address the present issue, the majority of other states hold that a conviction based upon a plea of nolo contendere subjects the defendant to all the consequences of a conviction in the same way as if it were after a plea of guilty or not guilty. *See* 89 A.L.R.2d 540, § 42 (1963) and supplements. There are, however, some state court decisions to the contrary. *See* Annot., *supra*, § 43. We adopt the majority rule in this instance.

Appellant argues that most of the cases cited by appellees are distinguishable as disciplinary proceedings for lawyers rather than realtors. *See, e.g., In re Lewis*, 389 Mich. 668, 209 N.W.2d 203 (1973). He contends that lawyers are under a much stricter duty to their clients than realtors and, therefore, the above cases are of no application. We disagree that the lawyer discipline cases are inapplicable. Both the lawyer discipline rule, rule 29(c), Rules of the Arizona Supreme Court,[1] and the realtor discipline statute, § 32–2153, provide for the imposition of discipline upon the conviction of a felony. The legislature has drawn no difference between the two groups in this regard, and we do not do so.

■ Rule 410, Arizona Rules of Evidence, deserves mention with respect to this issue. It provides:

Except as otherwise provided by applicable Act of Congress, Arizona statute, or the Arizona Rules of Criminal Procedure, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere or no contest, or an offer to plead guilty, nolo contendere or no contest to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers is not admissible against the person who made the plea or offer in any civil or criminal action or administrative proceeding.

We do not think that this rule of evidence applies to the issue at hand. Rule 410 does not bar evidence of a conviction arising from a plea where under other statutes or rules this evidence may be material. The rule itself states that the pleas with which the rule is concerned are admissible when otherwise provided by Arizona statute. A.R.S. § 32–2153(B)(2) is such a statute and the conviction may therefore be shown regardless of the nature of the underlying plea.

In conclusion, we hold that the trial court did not err in affirming the license revocation on the basis of a violation of A.R.S. § 32–2153(B)(2). Because of this conclu-

---

**1.** Rule 29(c), Rules of the Arizona Supreme Court, provides for disbarment of lawyers upon

conviction of a felony or a misdemeanor involving moral turpitude.

sion, we need not address appellant's second argument, i.e., whether the trial court erred by also basing the revocation on § 32–2153(B)(5).

 Appellant's last argument is that the sanction of revocation was unduly harsh, especially where the hearing officer had recommended only a six-month suspension. This argument was squarely addressed and rejected in *Howard v. Nicholls*, 127 Ariz. 383, 621 P.2d 292 (App. 1980). There, this court stated:

> Whether this court would have imposed the same sanctions is immaterial. The decision as to the penalty to be imposed is vested by A.R.S. § 32–2153 in the commissioner. Since there was substantial evidence to support his decision to revoke, and revocation was one of the permissible dispositions authorized by the statute, we cannot conclude that his action in that regard was arbitrary or constituted an abuse of discretion.

127 Ariz. at 388, 621 P.2d at 297. An administrative penalty is only excessive if it is "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." *Petras v. Arizona State Liquor Board*, 129 Ariz. 449, 452, 631 P.2d 1107, 1110 (App. 1981), *quoting, 17 Cameron St. Restaurant Corp. v. New York State Liquor Authority*, 48 N.Y.2d 509, 512, 423 N.Y.S.2d 876, 878, 399 N.E.2d 907, 909 (1979). We find the penalty of revocation is not disproportionate to the offense committed by appellant.

For the foregoing reasons, the judgment of the trial court is affirmed.

GRANT and CORCORAN, JJ., concur.