723 P.2d 716

**MARICOPA COUNTY; Maricopa County Department of Health Services; Adolpho Echeveste, Director; Barbara Sapp, Acting Hospital Director, Plaintiffs-Appellants,**

v.

**Mary T. GOTTSPONER and Maricopa County Employee Merit System Commission, Defendants-Appellees.**

No. 1 CA–CIV 8598.

Court of Appeals of Arizona, Division 1, Department B.

June 24, 1986.

Thomas E. Collins, Maricopa Co. Atty. by Lyle R. Huffman, Deputy Co. Atty., Phoenix, for plaintiffs-appellants.

Daniel Ortega, Phoenix, for defendant-appellee Merit Com'n.

Mary T. Gottsponer, Glendale, defendant-appellee pro per.

## OPINION

JACOBSON, Presiding Judge.

Appellee Mary T. Gottsponer, a nurse employed at the Maricopa Medical Center, was involved in an incident for which she was subsequently demoted. The Maricopa County Merit System Commission reduced this penalty to a two-day suspension. The Maricopa County Superior Court upheld the Commission's modification in an order that gave rise to the present appeal. We must decide whether the trial court erred in finding the Commission acted within its authority in modifying the penalty imposed by Gottsponer's employer.

On June 12, 1983, Gottsponer remained in the medical center after her shift ended at 7:00 p.m. and entered an empty patient room to watch television with Dr. David Larson, a hospital physician who was on call. At approximately 11:30 p.m., the acting charge nurse, Diane Bomboy, asked the house supervisor, Shirley Wendt, to assist her in handling a situation. When Wendt arrived, Bomboy informed her she saw Dr. Larson and Gottsponer watching television at 9:00 p.m. in an empty patient room and suspected they were still there, although the television was off, the room was dark, and the patient bed curtain was drawn.

Wendt and Bomboy entered the room in question and called to Dr. Larson, who appeared from behind the curtain. Dr. Larson admitted, when asked by Wendt, that a nurse was with him in the room. Gottsponer then appeared from behind the curtain. Wendt advised Gottsponer to leave the medical center immediately. Subsequently, Wendt drafted an incident report and submitted it to Judy Bontrager, the assistant director of nursing.

Bontrager questioned Gottsponer about the report, but asked for no explanation why Gottsponer was in the room with Dr. Larson. Gottsponer furthermore offered no explanation for her behavior. Gottsponer acknowledged the facts stated in the report were true, but insisted she did nothing wrong.

Bontrager consulted other supervisory personnel to determine the appropriate disciplinary action. After considering all possible alternatives, Bontrager recommended Gottsponer be demoted from her Nurse III position to a Nurse II position. The recommendation was ultimately approved by Barbara A. Sapp, the acting hospital director, who gave Gottsponer formal notice of the demotion by letter. The letter informed Gottsponer this disciplinary action was warranted pursuant to the Merit System Resolution, § 17, Part C, No. 4 for improper attitude. The letter further stated Gott-

sponer violated Merit System Rule 14, which establishes a code of ethics for county employees under the merit system and requires "the maintenance of high standards of honesty, integrity, impartiality and *conduct*" and that employees "conduct themselves in a manner that will not bring discredit or embarrassment to the County." The letter additionally explained:

The nature of this incident, despite protestations to the contrary, had the appearance of a serious violation of the Code of Ethics. Since III level positions are considered to be role models for other staff as well as skilled, knowledgeable professionals, even the appearance of an indiscretion is not acceptable. In the future, please be more attuned not only to the substance of your actions, but of [sic] how your actions can be interpreted.

Finally, the letter provided Gottsponer's performance would be reviewed in six months to determine her eligibility for promotion and advised her of her right to appeal to the Maricopa County Merit System Commission.

Gottsponer appealed to the Merit System Commission as provided by the enabling legislation of A.R.S. § 11–351 *et seq.*, as well as the Resolution of the Maricopa County Board of Supervisors establishing the Merit System in Maricopa County and the Merit System Rules. A hearing ensued before the Commission's hearing officer, and a number of witnesses testified.

Dr. Larson testified he and his wife were personal friends of Gottsponer, that no wrongdoing had occurred, and that the two had remained in the patient room after watching TV merely to talk about various matters. He nonetheless admitted the situation might have appeared improper to others. Gottsponer testified she had done nothing wrong, but acknowledged the incident could have been misinterpreted.

No testimony was presented to prove anything happened in the patient room other than what Dr. Larson reported. Bontrager testified she had no reason to doubt Dr. Larson's testimony, but the appearance of the situation both concerned her and justified the demotion. She and the other nursing personnel who testified stated it was very unprofessional for a nurse to remain on the hospital premises long after work was over and to socialize with a doctor, in a dark room, with the curtain drawn. These persons were also concerned with Gottsponer's attitude, in that she did not seem to regret being discovered in a situation that appeared improper. Other testimony indicated Gottsponer was an outstanding nurse with excellent clinical skills. The witnesses also emphasized, however, that the Nurse III job classification encompasses being considered a role model for other nurses. Bontrager maintained Gottsponer's lack of judgment in this context rendered her ability to serve as a role model highly questionable. No written rules specifically prohibited this type of conduct. Witnesses testified such rules should not be necessary to alert hospital employees that conduct should be avoided where it might appear inappropriate.

The hearing officer submitted written findings of fact, conclusions of law, and a recommendation to the Commission. He found disciplinary action was warranted and that the only question remaining was whether demotion was the appropriate sanction. He conceded Gottsponer's supervisors carefully considered all the options available and chose demotion, because Gottsponer's indiscretion shed light on her inability to conform to the pattern of conduct required of a Nurse III. He also concluded the demotion was not arbitrary or without reasonable cause and recommended the demotion be upheld and the appeal dismissed.

The matter was then considered by the Merit System Commission, which approved the findings and conclusions of its hearing officer that disciplinary action was warranted, but rejected his recommendation the particular disciplinary action taken be upheld. Instead of demotion, the Commission substituted a two-day suspension.

The Maricopa County Department of Health Services appealed the Commission's decision to the Maricopa County Superior

**370**

Court as provided in A.R.S. § 11–356(D). The trial court affirmed the Commission's order, rescinding Gottsponer's demotion and replacing it with a two-day suspension.

■ The central issues presented for our review are whether the trial court applied the correct standard of review and, if so, whether it properly applied that standard in reaching its decision. We find the trial court correctly characterized its scope of review pursuant to the Administrative Review Act, A.R.S. § 12–901 *et seq.*, in stating such review was limited to determining whether the Commission acted arbitrarily, capriciously or in abuse of its discretion. *Saludes v. Arizona Department of Economic Security*, 129 Ariz. 26, 628 P.2d 63 (App.1981).

The trial court also correctly decided that an answer to the question whether the Commission's order was arbitrary, capricious or an abuse of discretion depended upon the scope of the Commission's review. Thus, the court noted § 18(E) of the Merit System Resolution provides that where the "appointing authority" (Gottsponer's immediate employer) has disciplined an employee covered by the Merit System, and the employee appeals to the Merit System Commission, the Commission shall not sustain the appeal unless the action taken by the appointing authority was "arbitrary or taken without reasonable cause." Similar language limiting the Commission's scope of review is found in Merit System Rule 11.16. The trial court's determination the Commission did not abuse its discretion in modifying the penalty must, therefore, be based upon an initial conclusion that the evidence before the Commission revealed the appointing authority's action was "arbitrary or taken without reasonable cause."

■ Appellees Gottsponer and the Maricopa County Employee Merit System Commission contend our scope of review does not reach an evaluation whether the appointing authority's action in demoting Gottsponer was arbitrary. They correctly state that where this court reviews trial court decisions regarding appeals from administrative agency determinations, we must inquire only whether the record contains evidence of a substantial nature to support the lower court's judgment. *Welsh v. Arizona State Board of Accountancy*, 14 Ariz.App. 432, 484 P.2d 201 (1971). We do not agree, however, with appellees' assessment that this standard of review prevents us from resolving the question whether Gottsponer was arbitrarily demoted. We cannot determine whether the trial court exercised its discretion arbitrarily without scrutinizing the underlying question whether the Commission could have found the Department's disciplinary action to be arbitrary or without reasonable cause.

Although we find the trial court properly determined that to sustain the Commission, the evidence must have shown the Department's action was arbitrary, we do not believe the court properly analyzed such evidence in addressing Gottsponer's demotion. The trial court discerned that the Commission felt discipline was appropriate in this matter, but the particular discipline imposed by the Department was arbitrary.[1]

■ The trial court then concluded the Commission is a quasijudicial body established to hear employee appeals from dismissals, demotions or suspensions imposed by all departments of Maricopa County. We do not agree, however, with the court's determination the Commission has authority to alter penalties ordered by various departments in order to establish consistent treatment of Maricopa County employees under the Merit System. The penalty

1. Appellants argue the Commission could not have modified the penalty imposed, because it expressly approved the findings and conclusions of the hearing officer. One of those conclusions was that the employer had not been arbitrary in choosing demotion as the penalty. It was clear from the Commission's order, however, that it found the employer's choice of penalty to be arbitrary. The trial court properly found the Commission's blanket adoption of the hearing officer's findings and conclusions to be technical error to the extent they would include the hearing officer's conclusion the penalty assessed was not arbitrary. Because this error did not affect the rights of appellants, it does not provide grounds for reversal. A.R.S. § 12–911(B).

here could not be changed by the Commission unless it was arbitrarily imposed. A.R.S. § 11–356(A) provides:

Any officer or employee in the classified civil service may be dismissed, suspended or reduced in rank or compensation by the appointing authority after appointment or promotion is complete only by written order, stating specifically the reasons for the action.

An employee may appeal to the Merit System Commission from such orders as provided in A.R.S. § 11–356(B). This statutory scheme vests the primary discretion and authority to decide employee disciplinary matters in the "appointing authority," which consists of a county employee's immediate departmental or agency employer. While § 18 of the Merit System Resolution and Merit System Rule 11.16 grant the Commission power to direct appropriate remedial action, this authority arises only after the Commission has found the action appealed from was arbitrary or taken without reasonable cause.[2]

The parties cite a series of Pennsylvania court rulings discussing an administrative body's authority to modify a penalty imposed on an employee by a governmental employer. *See, e.g., Borough of Bristol v. Downs*, 48 Pa.Commw. 46, 409 A.2d 467 (1979); *Borough of Jenkintown v. Civil Service Commission*, 84 Pa.Commw. 183, 478 A.2d 941 (1984); *Herrmann v. Civil Service Commission*, 84 Pa.Commw. 211, 478 A.2d 961 (1984). These cases address issues nearly identical to those found here. In each of the cases cited, the discipline imposed on an employee by its governmental employer was modified after review by the appropriate administrative agency, and an appeal to a trial court followed.

In *Borough of Jenkintown v. Civil Service Commission, supra,* the circumstances were most similar to those arising in this case. The Borough of Jenkintown disciplined one of its police officers by suspending him without pay for 15 days. The appropriate administrative agency reviewed the case and reduced the penalty to a five-day suspension, after finding the charges brought against the officer proper, but the penalty excessive. The lower court upheld this determination. The appellate court reversed it, however, and reinstated the original disciplinary order, noting relevant code provisions gave the borough primary responsibility and discretion in disciplining its police officers. The *Borough of Jenkintown* court stated:

[A]bsent evidence of arbitrary or discriminatory conduct, or an abuse of discretion, the Commission has no authority to modify the penalties imposed by borough officials for violations of the Code where the charges brought against the Officer are found by the Commission to be supported by the evidence and where the penalties imposed are not otherwise prohibited.

*Id.* at 188–89, 478 A.2d at 943.

In *Herrmann v. Civil Service Commission, supra,* and *Borough of Bristol v. Downs, supra,* the court found the administrative agency acted properly in modifying penalties imposed by the governmental employer. In those cases, however, the underlying charges against the employees were not fully substantiated. As the court stated in *Herrmann:*

Where the charges brought by the borough are found by the commission to be supported by the evidence, the penalty imposed is not otherwise prohibited, and the selection of the penalty is not arbitrary, discriminatory or an abuse of discretion, the commission may not modify the council's penalty. Where the charges brought are not fully substantiated, however, and/or the penalty im-

---

**2.** Merit System Rule 11.16 provides in part:

If after hearing, a majority of the Commission determines that the action appealed from was arbitrary or taken without reasonable cause, the appeal shall be sustained; otherwise, the appeal shall be dismissed. The Commission shall have the power to direct appropriate

remedial action and shall do so after taking into consideration just and equitable relief to the employee in the best interest of the County and the public.

The language contained in the relevant portion of § 18(E) of the Merit System Resolution is virtually identical.

posed by the council is severely disproportionate to any charges which are sustained, the penalty constitutes an abuse of the council's discretion and the commission has authority to modify it.

84 Pa.Commw. at 215–16, 478 A.2d at 963 (citations omitted).

We note we need not rely solely upon sister state authorities. Arizona courts have discussed the very limited power of a reviewing tribunal to modify a penalty where modification may only occur upon a finding of arbitrariness.

In *Howard v. Nicholls*, 127 Ariz. 383, 621 P.2d 292 (App.1980) the Real Estate Department revoked a broker's license. In response to an argument the Department acted arbitrarily and abused its discretion in revoking the license, we stated:

In reviewing an administrative agency decision on the record made before that agency pursuant to the Administrative Review Act, this court does not weigh the evidence. Rather, we must affirm the agency's decision if there is substantial evidence in support thereof, and the action taken by the agency is within the range of permissible agency dispositions authorized by the governing statute. *Webster v. Arizona State Board of Regents*, 123 Ariz. 363, 599 P.2d 816 (App. 1979). Whether this court would have imposed the same sanction is immaterial.

*Id.* at 388, 621 P.2d at 297.

In *Petras v. Arizona State Liquor Board*, 129 Ariz. 449, 631 P.2d 1107 (App. 1981) the Liquor Board revoked the appellant's liquor license. The appellant conceded statutory violations and that revocation was within the Board's authority, but argued the penalty was unduly harsh. We noted that in determining whether a penalty had been arbitrarily imposed, the reviewing tribunal could not merely substitute its own opinion for that of the agency, stating:

In determining whether an administrative agency has abused its discretion by acting in an arbitrary and capricious manner, we review the record to determine whether there has been 'unreasoning action, without consideration and in disregard for facts and circumstances; where there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.'

129 Ariz. at 452, 631 P.2d at 1110 (citation omitted). We further expressed, "where the finding of guilt is confirmed and punishment has been imposed, the test is whether such punishment is 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness.'" *Id.* (quoting *17 Cameron St. Restaurant Corp. v. New York State Liquor Authority*, 48 N.Y.2d 509, 512, 423 N.Y.S.2d 876, 878, 399 N.E.2d 907, 909 (1979)).

In *Bear v. Nicholls*, 142 Ariz. 560, 691 P.2d 326 (App.1984), the appellant asserted a liquor license revocation was unduly harsh. This court upheld the penalty imposed, citing *Howard v. Nicholls, supra*, and *Petras v. Arizona State Liquor Board, supra*, and found the penalty of revocation was not disproportionate to the appellant's offense.

■ Applying these principles to this case, we find no factual support for the Commission's substitution of its opinion for that of the Department regarding the mode of discipline most appropriate for Gottsponer. Where the Commission found discipline was warranted and demotion was within the range of permissible disciplinary acts, it could not modify the penalty imposed without determining it was so disproportionate to Gottsponer's offense as to be shocking to a sense of fairness.

Here, the Commission concluded that because Gottsponer was an excellent nurse, had no previous record of disciplinary actions, and was guilty of nothing more than bad judgment, her supervisors overreacted in demoting her. Although the Commission's order states the sanction against Gottsponer was arbitrarily imposed, we find no evidence to support such a finding. That Gottsponer's conduct warranted some

kind of disciplinary action and that demotion was within the range of permissible disciplinary actions authorized by the Merit System Resolution and Rules was not disputed. No evidence existed to suggest Gottsponer was treated differently from other, similarly situated employees. Apparently, the Commission was partially motivated to reduce the penalty imposed by the lack of disciplinary action against Dr. Larson. Dr. Larson was not, however, subject to the same rules as Gottsponer, as he was not employed under the Maricopa County Merit System. Hence, the lack of disciplinary action against him is no indication Gottsponer's supervisors acted unfairly in disciplining her. On the contrary, the evidence reveals Gottsponer's supervisors considered the whole range of other disciplinary actions and showed a rational basis for selecting demotion as the appropriate penalty.

The penalty imposed was not so disproportionate to Gottsponer's offense as to be shocking to one's sense of fairness. The Commission improperly substituted its opinion in this regard for that of the Department. Because the Department's action in demoting Gottsponer was not arbitrary or taken without reasonable cause, the Commission had no authority to modify the penalty.

The order of the superior court is reversed and the penalty fixed by the Department is reinstated.

CORCORAN and CONTRERAS, JJ., concur.