760 P.2d 1095

**PIMA COUNTY SHERIFF'S DEPARTMENT, and Pima County Law Enforcement Merit System Council, Plaintiffs/Appellees,**

v.

**Richard SMITH, Defendant/Appellant.**

No. 2 CA–CV 87–0255.

Court of Appeals of Arizona, Division 2, Department B.

May 3, 1988.

Review Denied Sept. 27, 1988.

Stephen D. Neely, Pima Co. Atty. by Martha M. Durkin, Tucson, for plaintiffs/appellees Pima County Sheriff's Dept.

Corey & Farrell by Barry M. Corey, Tucson, for plaintiff/appellee Pima County Law Enforcement Merit System Council.

Lawrence E. Condit, P.C. by Lawrence E. Condit, Tucson, for defendant/appellant.

## OPINION

ROLL, Judge.

Defendant/appellant Richard Smith (Smith) appeals from an order of the superior court upholding Smith's termination from the Pima County Sheriff's Department (the Department). For the reasons set forth below, we affirm.

## FACTS

Smith was assigned to the fugitive detail of the Pima County Sheriff's Department. On August 5, 1986, at approximately 11:30 a.m., he went to a business situated in the midtown area of Tucson to arrest Kenneth Knight, who was named in a California arrest warrant for leaving the scene of an accident with injuries resulting in death.

After Smith arrested Knight and, as the two prepared to leave, Knight suddenly fled. Smith attempted to recapture Knight. At one point, Smith shouted to Knight to stop or he would shoot. Knight replied, "Fuck you—you can't shoot." Smith then produced a two-shot .22 caliber Derringer and fired two shots in the direction of the fleeing Knight. Homes, parked cars, and individuals were in the general vicinity of the area where Smith fired the shots. Two witnesses observed Smith fire one of the shots in the direction which Knight had run. Another individual reported hearing shots and seeing Smith with his gun drawn.

Smith notified the police dispatcher that he needed assistance in apprehending Knight. However, he did not report that he had discharged his firearm. Later that day, Smith was requested to prepare a report regarding his attempt to serve the fugitive warrant on Knight. In this report, which Smith submitted to the Department, Smith stated that he had removed the Derringer while pursuing Knight. Smith also stated that he was asked by a neighbor if he had fired his handgun and he told the neighbor, "No, but I had thought about it."

On August 11, 1986, Pima County Sheriff Clarence Dupnik issued Smith a letter announcing his intent to terminate Smith's employment. The sheriff then personally met with Smith. During that meeting, Smith denied having fired his handgun. In addition to information obtained from neighbors the day that the incident took place, Smith's handgun was examined by supervisors who concluded that it had been fired very recently. Smith nevertheless insisted that the gun had not been fired since target shooting the prior weekend. A hearing officer later concluded that the "evidence completely supports the fact that two shots were indeed fired by Detective Smith."

On August 15, 1986, the sheriff notified Smith that he was terminated as a law enforcement officer. The reasons given for Smith's termination were violations of various Department rules and regulations regarding handcuffing policy, use of deadly force, authorized on-duty handguns, reporting the discharge of a firearm, informing supervisors of unusual activity, *Miranda* warnings, and false reports. The sheriff stated that Smith could "never be trusted again."

At the time that Smith was terminated, he had an unblemished record of 14 years of service with the Department. His career included several commendations.

## PROCEDURAL HISTORY

Smith appealed his termination to the Pima County Law Enforcement Merit System Council (Council). On September 18, 1986, a hearing was held before a hearing officer of the Council. On September 22, 1986, the hearing officer concluded that the sheriff had not acted arbitrarily and had acted with reasonable cause in terminating Smith's employment. The hearing officer recommended to the Council that Smith's appeal be dismissed.

On October 7, 1986, without hearing additional evidence, the Council modified the sheriff's order by reinstating Smith as an employee with three months' suspension without pay. The Department then filed a special action.

By minute entry dated January 12, 1987, the superior court remanded the matter to the Council for a specific determination re-

garding whether the sheriff had acted arbitrarily and without reasonable cause in terminating Smith. When the Council did not act upon the remand, the superior court issued a second minute entry on April 13, 1987, directing the Council to hold a meeting in order to answer whether Smith's termination was arbitrary and without reasonable cause. Thereafter, on April 24, 1987, the Council concluded that the sheriff's action was not arbitrary and was based upon reasonable cause.

Following the Council's decision, the superior court entered an order granting the petition for special action and remanding the matter to the Council for reinstatement of the sheriff's order of termination.

## ISSUES ON APPEAL

On appeal, Smith argues: (1) the trial court erred in remanding the matter to the Council after the initial action by the Council which had mitigated the sanctions imposed upon Smith for violation of the Department's rules and regulations; and (2) the Council lacked jurisdiction to reconsider its previous decision.

## DISCUSSION

A.R.S. § 38–1003(6) authorizes the Council to hear and review appeals from various disciplinary actions taken against law enforcement officers, including orders terminating employment. The Council's decisions are final unless appealed pursuant to A.R.S. § 38–1004.[1] A.R.S. § 38–1004 provides for appeal of the Council's decision by either the employee or the Department.[2]

Rule XIII–4–I, Pima County Law Enforcement Merit System Rules, defines the standard of review which the Council is to use in evaluating the appealed action. That rule provides that "[i]f ... a majority of the Council determines that the action appealed from was arbitrary or taken without reasonable cause, the appeal shall be sustained; otherwise, the appeal shall be dismissed."

The Department argues that when the Council initially voted to reinstate Smith with three months' suspension without pay, it did so in violation of A.R.S. § 38–1003 because it failed to conclude, as required by its own rules, that the sheriff had acted arbitrarily and without reasonable cause in ordering Smith's termination. *Caldwell v. Arizona State Bd. of Dental Examiners*, 137 Ariz. 396, 399, 670 P.2d 1220, 1223 (App.1983). Accordingly, the trial court had authority to remand the matter to the Council. *Id.*, 137 Ariz. at 401, 670 P.2d at 1225; *see also Wicks v. City of Tucson*, 112 Ariz. 487, 488, 543 P.2d 1116, 1117 (1975).

Smith argues that when the Council ordered Smith's reinstatement, it implicitly concluded that the sheriff had acted arbitrarily and without reasonable cause in terminating Smith. *Justice v. City of Casa Grande*, 116 Ariz. 66, 567 P.2d 1195 (App. 1977); *Peters v. Civil Service Comm'n of Tucson*, 114 Ariz. 142, 559 P.2d 698 (App. 1977). In *Justice*, this court held that specific findings by the Casa Grande Personnel Advisory Board were not required in

1.  A.R.S. § 38–1003 provides in part:
    The council, pursuant to recognized merit system principles of public employment, shall from time to time:
    *    *    *    *    *    *
    6. Hear and review appeals from any order of the department head in connection with suspension, demotion, or dismissal of a classified law enforcement officer. The council's determination thereon shall be final except on appeal as provided in [A.R.S.] § 38–1004.

2.  § 38–1004. Appeals; hearings
    A. A classified law enforcement officer who is suspended, demoted or dismissed by the department head, after a hearing and review before the merit system council, may have the determination of the council reviewed upon

writ of certiorari in the superior court of the county in which the law enforcement officer resides. If the determination of the council is overruled by the court, the law enforcement officer shall be reinstated in his position and shall be reimbursed for any compensation withheld pending determination by the council and court.
    B. A department head shall have the right to have all council policies and decisions reviewed upon writ of certiorari in the superior court of the county in which the law enforcement officer resides and legal counsel for the department head shall be provided by the county or city attorney in whose jurisdiction the department lies.

the upholding of a termination by the administrative body reviewing the terminations. This court held that the requisite findings were implicit in the decision by the administrative agency to uphold the termination. 116 Ariz. at 68, 567 P.2d at 1197. In *Peters,* we held that the failure of the trial court to set forth the grounds for its decision as required by the rules of procedure for special actions did not require reversal when the judgment made it clear that the trial court had concluded that the action of the Civil Service Commission was supported by substantial evidence and as such, was not arbitrary, capricious, or an abuse of discretion. 114 Ariz. at 145, 559 P.2d at 701. Because *Justice* and *Peters* both involved assertions that specific findings were required and not merely that the respective reviewing bodies were required to state the standard of review applied, we believe these cases are distinguishable from the matter presently before us. *Ayala v. Hill,* 136 Ariz. 88, 664 P.2d 238 (App. 1983), which involved a motion for reconsideration directed toward the administrative body reviewing termination based upon a new ground not previously considered by the administrative body, is also not dispositive of this matter.

Although Smith argues that the Department and the trial court impermissibly insisted on specific findings of fact from the Council, the record appears otherwise. When the trial court directed the Council to hold a meeting to answer whether the sheriff acted arbitrarily and without reasonable cause in terminating Smith's employment, the trial court stated:

> 3. The council is not to take any different vote or reconsider in any fashion on this remand, but is rather to indicate for the record the position it took on these questions pursuant to its own Rules at the time it made its original decision to alter the Sheriff's determination.

This order unequivocally directed the Council to not reconsider its decision but merely to clarify the standard applied by the Council in partially granting Smith relief. The trial court acted properly in so ordering. *Caldwell, supra; Wicks, supra.*

In *Maricopa County v. Gottsponer,* 150 Ariz. 367, 723 P.2d 716 (App.1986), the Maricopa County Merit System Commission determined that a nurse who was demoted by a government employer was properly subjected to discipline. However, the Commission reduced the discipline from demotion to a two-day suspension. On appeal, Division One of this court stated:

> The penalty here could not be changed by the Commission unless it was arbitrarily imposed.
>
> \*   \*   \*   \*   \*   \*
>
> Where the Commission found discipline was warranted and demotion was within the range of permissible disciplinary acts, it could not modify the penalty imposed without determining it was so disproportionate to Gottsponer's offense as to be shocking to a sense of fairness.

*Id.,* 150 Ariz. at 371–72, 723 P.2d at 720–21. Smith argues that *Gottsponer* is not dispositive because *Gottsponer* involved a county merit commission rather than the law enforcement merit system council and the standards of review differ. However, the language contained in the respective Commission rules and regulations regarding review of departmental action closely parallel each other. *Compare* Maricopa County Merit System Rule 11.6 with Rule XIII–4–I, Pima County Law Enforcement Merit System Rules. *Gottsponer* does not afford the governmental employing agency unbridled discretion to impose any of the various disciplinary actions available once it is established that some discipline is appropriate. *Gottsponer,* however, does provide that the form of discipline imposed may only be overturned or modified by a merit council when it is "so disproportionate as to be shocking to a sense of fairness." *Id.,* 150 Ariz. at 372, 723 P.2d at 721.

Just as the Department could not act arbitrarily and without reasonable cause in deciding to discipline Smith by termination, the Council could not arbitrarily review the action taken by the Department. In remanding the matter to the Council, the trial court simply sought to insure that the Council was applying the proper standard

of review before deciding the Department's appeal from the Council's action.

We affirm.

LIVERMORE, P.J., and FERNANDEZ, J., concur.