Borough of Bristol, Appellant *v.* Hubert Downs, Appellee.

Argued October 5, 1979, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Richard M. Snyder*, with him *Begley, Carlin, Mandio & Popkin*, for appellant.

*William F. Coyle*, with him *Abrahams & Loewenstein*, for appellee.

OPINION BY JUDGE BLATT, December 17, 1979:

The Borough of Bristol (Borough) appeals to us from an order of the Court of Common Pleas of Bucks County which affirmed the Bristol Borough Civil Service Commission's (Commission) decision that the Borough had abused its discretion in permanently demoting police Sergeant Hubert Downs to patrolman.

The facts are undisputed. On January 17, 1978, Sergeant Downs worked a 4 p.m. to 12 a.m. shift and he was the highest ranking officer then on duty. At approximately 8:00 p.m., he and his partner were eat-

ing dinner at a local diner in the Borough when they were approached by two young boys who asked to be driven home. Because it was raining and sleeting at the time and the temperature was near freezing, Downs agreed to give them a ride after he finished his meal. At approximately 8:30 p.m., the officers transported the boys in their patrol car to a point approximately four blocks outside the Borough limits, and, when Downs pulled over to discharge the passengers, another car skidded into the back of the patrol car. Immediately after the collision, in which no one was hurt, the boys got out of the patrol car and walked away before the officers could get their names. As a result of this incident, the Borough charged Downs with "neglect or violation of an official duty, inefficiency, neglect, disobedience of orders and conduct unbecoming an officer," and the Borough Council voted to impose upon him a three-day suspension without pay and a permanent reduction in rank.

Downs appealed to the Civil Service Commission, which found that the evidence established the following:

> On January 17, 1978 there were established police procedures which required all police personnel ... to notify the police dispatcher before leaving the corporate limits of the Borough and before leaving his [sic] sector of patrol including section 4.14 and 4.06 of the Police Duty Manual.

> Established Borough police procedures on that date also required Sergeant Downs to obtain from the police dispatcher an assigned incident number when he picked up the two young ... passengers.

> Sergeant Downs failed to obtain an incident number and later failed to file an official incident report form with respect to picking up the

youths and the fact of picking them up does not appear on the incident control log . . . for January 17, 1978.

Sergeant Downs failed to notify the police dispatcher that he was leaving his sector and the corporate limits on January 17, 1978.

While the . Commission concluded, therefore, that Downs had violated his official duties, it also believed that the charges of inefficiency, neglect, disobedience of orders, and conduct unbecoming an officer were unsubstantiated and should be dismissed. Accordingly, it also concluded that the punishment imposed was excessively disproportionate to the violations proved and should be reduced to a three-day suspension.

The Borough then appealed to the court of common pleas, arguing that the Commission had no authority to reduce the punishment imposed by the Council. At a hearing before the court, the Borough raised for the first time evidence of previous disciplinary action against Downs, but no other evidence was presented. Subsequently, the court issued an opinion and order affirming the Commission, and this appeal followed. The Borough now argues here that the Commission exceeded its authority in altering the punishment and that the court of common pleas should have reinstated the original punishment in light of the previous disciplinary actions brought to its attention.

Under The Borough Code,[1] the borough council has the primary responsibility and discretion for determining whether or not and how a police officer should be disciplined. And, as we said in *Appeal of Zimmett,* 28 Pa. Commonwealth Ct. 103, 107, 367 A.2d 382, 384 (1977):

---

[1] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §45101 et seq.

> It is necessary that both court and commission give due respect and weight to the action of the duly constituted municipal body which is authorized to act with respect to charges against members of the police force. Accordingly, we must weigh the reasons for which the Commission overrode the Council's primary discretion to determine whether it abused its discretion.

Here, the Commission observed that the Borough had substantiated only two technical violations and that these violations were incurred in performing a public service which was "decent and humane" under the circumstances. The Commission found that Downs' actions were related to his official duties and "that he did not intentionally or otherwise hide any information with respect to the events of January 17, 1978. . . ." Finally, the Commission, noting its limited discretion to modify a penalty, concluded that Downs had been unfairly punished and so reduced the penalty. Having carefully reviewed the record and weighed the Commission's reasons, we agree that the offences proved do not support the punishment imposed. We believe, therefore, that the Commission's decision was proper and within its limited discretion to modify the Council's punishment.

We also believe that the court of common pleas acted properly in rejecting the evidence of previous disciplinary actions.[2] We agree with the Borough that an officer's disciplinary record is relevant in determining a proper punishment, *see Ditko Appeal,* 385 Pa. 435, 123 A.2d 718 (1956), but the Borough at no time indicated in its charges or at the hearing before the Commission that Downs' past disciplinary record

---

[2] The Borough also argues that the common pleas court failed to make a ruling on the admissibility of the disciplinary record. It is apparent, however, that the Court did not consider it, and in light of our holding herein, we see no prejudicial error.

was in issue. There was no evidence of, or even reference to, past misconduct at the hearing, and the Commission's decision was clearly correct on the record before it. Moreover, although a court of common pleas may consider additional evidence on appeal from a civil service commission, we believe that such evidence must at least be related to the issues raised below, for to hold otherwise would be to undermine the role of the civil service commission by allowing on appeal the introduction of new charges or issues whose initial resolution is entrusted to the commission.[3]

The order of the court of common pleas is therefore affirmed.

ORDER

AND Now, this 17th day of December, 1979, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

---

[3] There might also be a question as to sufficiency notice. *Cf. Township of Upper Moreland v. Mallon*, 9 Pa. Commonwealth Ct. 618, 309 A.2d 273 (1973).