In Re: Appeal of Officer William Leis from the Order of the Lower Merion Township Civil Service Commission. Officer William Leis, Appellant.

Submitted on briefs June 7, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Thomas J. Burk*, with him *Mark H. Jaffe, Haws & Burke*, for appellant.

*Parker H. Wilson, Wilson, Oehrle, Drayer & Furber*, for appellee.

OPINION BY JUDGE DOYLE, February 16, 1983:

This is an appeal from the order of the Court of Common Pleas of Montgomery County dismissing the appeal of Officer William Leis (Appellant) from the decision of the Civil Service Commission of Lower

Merion Township (Civil Service Commission) which sustained a suspension imposed on Appellant by the superintendent of police and the Board of Commissioners of Lower Merion Township (Commissioners).

Appellant was a ten-year veteran of the Lower Merion Township Police Department (Department) when he became involved in a vehicular accident. At approximately 12:10 a.m. on May 14, 1978, Appellant received an emergency call involving multiple injuries while he was operating a police emergency vehicle in a westerly direction on Lancaster Avenue in Ardmore. Appellant immediately engaged the vehicle's emergency lights, but did not turn on the siren. Continuing west on Lancaster Avenue, Appellant observed that a red traffic signal had stopped traffic in both directions on Lancaster Avenue at the intersection of Woodside Road. As Appellant approached this intersection, he reduced the speed of his vehicle to about 20 m.p.h. and directed the vehicle into an eastbound (oncoming) lane in order to pass vehicles stopped at the traffic light in the westbound lanes of Lancaster Avenue. After Appellant had determined that no vehicles were about to enter the intersection from Woodside Road, he proceeded to return to a westbound lane while entering the intersection. Due to a delayed green signal for traffic in the westbound lanes, however, traffic in the eastbound lane had the benefit of a left turn arrow. A vehicle in an eastbound lane, operated by a sixteen-year-old student, entered the intersection with a green arrow signal. Before this vehicle completed a left turn onto Woodside Road, it was struck on the right rear side by Appellant's vehicle.

Following an investigation by the Department, it was recommended that Appellant be suspended, without pay, for three days. The Commissioners accepted the recommendation and ordered that Appellant be suspended from the Department. Appellant

appealed the order of the Commissioners, and following a hearing, the Civil Service Commission upheld the three-day suspension. After oral argument, the court of common pleas dismissed Appellant's appeal. This appeal followed.

Since the court below did not receive any additional evidence or testimony, our scope of review is limited to determining whether the Civil Service Commission abused its discretion or committed an error of law. *Borough of Darby v. Coleman*, 47 Pa. Commonwealth Ct. 9, 407 A.2d 468 (1979). The suspension of Appellant is controlled by Section 644 of the First Class Township Code (Code),[1] which in pertinent part, provides:

> No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violation of any law of this Commonwealth which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty; (6) engaging or participating in conducting of any political or election campaign otherwise than to exercise his own rights of suffrage.

53 P.S. §55644. During the hearing before the Civil Service Commission, Appellant's supervisor, Captain Joyce, explained that the suspension was "based on the simple fact that [Appellant], with a police vehicle, ran

---

[1] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. 55644.

a red traffic signal and struck an automobile in the intersection." The Civil Service Commission concluded that this conduct justified suspension based on either condition (2) or (4) of Section 644 of the Code.

Since Appellant was operating a police vehicle in response to an emergency, he could have been entitled to go through the red traffic signal. Section 3105 of the Vehicle Code[2] establishes a conditional privilege which exempts emergency vehicles from the highway right of way rules. One of the conditions precedent to this privilege is the use of *both* emergency lights *and* sirens. Appellant, having failed to engage the siren, did not have the right of way when he entered the intersection against the traffic signal. The Department, however, does not require the use of sirens; rather, officers are directed to exercise their discretion concerning the use of sirens. Captain Joyce explained the Department's policy concerning the use of sirens:

> It is certainly a flexible thing.... It's flexible in that there are some circumstances where certainly it would be mandatory that it, a siren, be used. In other cases, it's a judgment kind of thing, *such as an intersection*, in making a call, where an all out siren is not necessary.... (emphasis added).

Appellant testified that he engaged the emergency lights approximately 300 yards from the intersection. He believed the emergency lights were visible to the traffic stopped at the intersection. He entered the intersection only after determining that no traffic was about to enter the intersection from Woodside Road. While Appellant's failure to use the siren may have been a mistake in judgment, it does not indicate neglect or the violation of any official duty. Similarly, under these circumstances and considering the Depart-

---

[2] 75 Pa. C. S. §3105.

ment's policy regarding the use of sirens, we conclude that the Civil Service Commission abused its discretion in holding that Appellant's mistake. in judgment or possible negligent action constituted conduct unbecoming an officer, or such inefficiency or neglect as would warrant the imposition of a three day suspension.

## ORDER

Now, February 16, 1983, the order of the Court of Common Pleas of Montgomery County at No. 78-15676 dated February 19, 1981 is hereby reversed.