Borough of Baldwin, Appellant *v.* Clarence Schmidt, Appellee.

Argued March 16, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*John R. Luke, Luke & Anthony,* for appellant.

*Robert J. Donahoe,* with him, *William F. Manifesto, Manifesto & Doherty, P.C.,* for appellee.

OPINION BY JUDGE PALLADINO, May 30, 1984:

In this appeal the Borough of Baldwin (Borough) seeks review of the decision of the Civil Service Commission (Commission) of the Borough of Baldwin with regard to the sanction imposed upon Clarence Schmidt (cross-appellee). More specifically, the Borough would have this Court vacate the one year suspension ordered by the Commission and mandate the permanent dismissal of the cross-appellee from the Baldwin Police Force.

The factual and procedural histories of this case are contained in the companion case of *Clarence Schmidt v. Borough of Baldwin,* 82 Pa. Commonwealth Ct. 580, 477 A.2d 572 (1984).

The Borough concedes, as indeed it must, that the Commission has the power to amend or modify the decision of the governing body of a borough or township. Extensive citation of authority for this proposition is not necessary.[1]

Rather, the Borough contends that the Commission made its determination without giving full consideration to all of the evidence as well as misinterpreting the evidence and the conclusions which should have been drawn therefrom.

The charges leveled by the Borough Council were as follows:

(2)   Neglect or violation of any official duty.

(3)   Violation of any law which provided that such violation constitutes a misdemeanor or felony.

---

[1] *See, e.g., Borough of Bristol v. Downs,* 48 Pa. Commonwealth Ct. 46, 50, 409 A.2d 467, 469 (1979).

(4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.

(5) Intoxication while on duty.[2]

Of the charges listed the Commission found Schmidt guilty of only two:

(2) Neglect of an official duty, and

(4) Neglect and disobedience of orders.[3]

Upon examination, the record reveals that the most serious charges lodged by the Borough Council against Schmidt, commission of a misdemeanor or felony and intoxication while on duty, were specifically rejected by the Commission.

This Court must review the decision of the Commission, as affirmed by the Court of Common Pleas of Allegheny County, under the guidelines set forth in Section 8(b) of the Local Agency Law.[4]

We believe the decision of the Commission to modify the Council's sanction is fully supported by substantial evidence. We therefore affirm without modification, the decision of the Court of Common Pleas of Allegheny County.

## ORDER

AND Now, May 30, 1984, the decision of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

[2] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190.

[3] Reproduced Record, pp. 342a, 343a.

[4] Under Section 8(b) we must affirm the Commission's decision unless there has been a violation of constitutional rights, an error of law, a violation of the Local Agency Law or if the findings of fact are not supported by substantial evidence. 2 Pa. C. S. §754(b).