**Eugene L. COON, Sheriff,**

v.

**The CIVIL SERVICE COMMISSION FOR ALLEGHENY COUNTY POLICE AND FIREMEN.**

**Appeal of Deputy Meir Horvitz, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided Jan. 30, 1995.

Reargument Denied March 21, 1995.

---

Joseph J. Chester, for appellant.

Caroline Liebenguth, Asst. County Sol., for appellee.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Deputy Sheriff Meir Horvitz appeals an order of the Allegheny County Court of Common Pleas reversing the decision of the Civil Service Commission for Allegheny County Police and Firemen (Commission) which set aside his dismissal by Sheriff Eugene L. Coon (Sheriff). We affirm.

The present case arose from a single incident which occurred around 10:00 A.M. on the morning of December 2, 1992. At that time, Horvitz had just completed a twenty-four hour shift of duty. After going off duty, Horvitz proceeded to drive to the Borough of Munhall where he encountered Holly Pinkerton, a female juvenile. Both agree that he was driving in his private automobile and that she was on foot. Beyond this, their accounts of the incident differ in almost every respect. According to Pinkerton, Horvitz was dressed in civilian clothes and gave no indication that he was a law enforcement officer. She said that at first Horvitz acted as though he needed directions. However, when Pinkerton approached, he grabbed her wrist in an apparent attempt to force her into his vehicle. Furthermore, she asserted that Horvitz grabbed her with such force that he broke her watch band.

Horvitz's account of the same encounter was starkly different. Horvitz claimed that

he was in uniform at the time. Furthermore, he suspected that Pinkerton was either drunk or under the influence of drugs. He testified that he stopped only to ascertain whether she needed assistance. According to Horvitz, Pinkerton shouted a profanity at him and told him to leave her alone. Horvitz said that despite her ill-temper, Pinkerton did not need assistance. Therefore, he said he immediately drove away without further confrontation. Horvitz maintains that at no time did he grab Pinkerton's wrist or in any other way touch her.

While Horvitz was driving away, Pinkerton was able to write down his license plate number on the palm of her hand. Pinkerton then proceeded to work where, with the help of her sister, she contacted police. The Munhall Police were subsequently able to trace the license plate number of the vehicle to Horvitz. On December 7, 1992, a criminal complaint was issued charging Horvitz with false imprisonment, simple assault, and harassment. On that same date, an arrest warrant was issued and Horvitz was taken into custody. The next day, December 8, 1992, Horvitz was suspended from his job as a deputy sheriff on the basis of these charges pursuant to Section 10 of the Deputy Sheriff's Act.[1] The letter of suspension stated that the charges, if substantiated, would, at the very least, constitute violations of the following Sheriff's Office Procedural Orders:

101–3: 2.00 OBEDIENCE TO ORDERS—LAWS

101–3: 5.00 CONDUCT UNBECOMING A MEMBER

101–3: 11.00 INCOMPETENCY

(Letter of Suspension, December 8, 1992.)

On December 16, 1992, Horvitz was convicted before a district justice on the harassment charge,[2] a summary offense, but acquitted of all other charges. On January 4, 1993, before an appeal had been heard by the court of common pleas, Sheriff Coon dismissed Horvitz from his position. The Sheriff stated in the letter of termination that Horvitz's dismissal was based on his conviction for harassment. This conviction, according to the Sheriff, warranted the finding that Horvitz had violated the same three Procedural Orders which underlay his original suspension.

Horvitz promptly appealed the termination of his employment to the Commission in accordance with Section 10 of the Deputy Sheriff's Act. The Commission held an evidentiary hearing on March 16, 1993. On June 8, 1993, the Commission set aside Horvitz's dismissal.[3] Although the Commission concluded that Horvitz's actions constituted conduct unbecoming an officer, the Commission determined that the Sheriff had abused his discretion by dismissing Horvitz. The Commission said that dismissing Horvitz was "severely disproportionate to the degree of misconduct," since all misdemeanor charges were dismissed and the sole basis for the dismissal, the harassment conviction, was only a summary offense. (Opinion of the Commission at 19.)

■ The Sheriff appealed the Commission's decision to the Allegheny County Court of Common Pleas. Horvitz filed objections to this appeal, claiming, *inter alia*, that neither the Deputy Sheriff's Act nor the Local Agency Law[4] provide the Sheriff with a right to appeal an adverse decision of the Commission. He also demanded to be reinstated since the Sheriff had not applied for a supersedeas from the Commission's decision. Nevertheless, the common pleas court denied

---

1. Act of May 31, 1974, P.L. 296, *as amended*, 16 P.S. § 4221.10. Section 10(a) of the Act states:

   No deputy sheriff covered by this act shall be reduced in rank, suspended, furloughed or discharged, except for the following reasons: (i) neglect or violation of official duty, (ii) violation of a law of this Commonwealth which provides that such violation constitutes a misdemeanor or a felony, (iii) inefficiency, except as hereinafter provided, wilful disobedience of orders, or conduct unbecoming a police officer, (iv) drinking of intoxicating liquor while on duty or the use of which renders him unfit when called upon for duty.

2. On February 2, 1993, the court of common pleas affirmed but reduced the sentence from five days in jail to payment of fines and costs.

3. The Commission, though, upheld Horvitz's suspension and continued it, without pay, to July 31, 1993. (Opinion of the Commission at 20.)

4. 2 Pa.C.S. §§ 551–555, 751–754.

Horvitz's requests to dismiss the action and to immediately reinstate him as a deputy sheriff. On March 23, 1993, without taking additional evidence, the court of common pleas reversed the decision of the Commission and reinstated the dismissal of Horvitz. This appeal followed.[5]

Horvitz raises three issues on appeal. First, whether the common pleas court erred by reversing the decision of the Commission setting aside the dismissal of Horvitz from employment as a deputy sheriff; second, whether the court of common pleas erred in finding that Sheriff Coon had a right to appeal from an adverse decision under the Deputy Sheriff's Act; and third, whether Sheriff Coon had the right to an automatic supersedeas of the Commission's decision.

■ Horvitz first argues that the common pleas court erred in reversing the decision of the Commission. He claims that under Section 10(a)(ii) of the Deputy Sheriff's Act, a deputy sheriff can only be suspended or terminated for the commission of a crime when "such violation constitutes a misdemeanor or a felony." In this case, Horvitz was not convicted of a misdemeanor or felony, but only the summary offense of harassment. Therefore, Horvitz believes, the Sheriff lacked the authority to dismiss him.

However, a conviction for a misdemeanor or a felony is not the sole grounds for the dismissal of an officer under Section 10(a) of the Deputy Sheriff's Act. "Inefficiency" and "conduct unbecoming an officer" are among the other reasons enumerated in the Act which justify the termination of employment. The letter of dismissal sent to Horvitz stated that he was being discharged for three reasons: failure to obey orders-laws, conduct unbecoming an officer and incompetency. The Commission found that Horvitz, although innocent of the other two charges, had engaged in conduct unbecoming an officer. We agree, therefore, with the common pleas court that this was a sufficient reason for the Sheriff to dismiss him.

■ Horvitz's argument that he could not be dismissed since he had not been convicted of a felony or misdemeanor is contrary to the plain meaning of the statute. Under Horvitz's interpretation of Section 10(a) of the Deputy Sheriff's Act, the other reasons listed which provide cause for dismissal would be subsumed under violations constituting a misdemeanor or felony. This interpretation, however, would make these other reasons superfluous. It is a fundamental principle of statutory construction that words in a statute should be given full effect and not be treated as mere surplusage. *In re DeYoung,* 129 Pa.Commonwealth Ct. 265, 565 A.2d 226 (1989). We therefore must reject Horvitz's interpretation of the Act.

■ Furthermore, the courts of this Commonwealth have long maintained that being convicted of a crime is not a prerequisite for an officer's removal for unbecoming conduct. *Zeber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959). As our Supreme Court stated in *Zeber Appeal:*

> Unbecoming conduct on the part of a municipal employee, especially a policeman or a fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. *It is not necessary that the alleged conduct be criminal in character* nor that it be proved beyond a reasonable doubt.

*Id.* at 43, 156 A.2d at 825 (emphasis added). By analogy, the same interpretation we believe is properly applied to deputy sheriffs, who, while not police officers, have somewhat similar duties. Therefore, the Sheriff could properly find that Horvitz's actions of December 2, 1992, warranted his dismissal for conduct unbecoming an officer despite the

---

5. Our scope of review in a civil service appeal where the trial court did not take additional evidence is limited to a determination of whether the Commission abused its discretion or committed an error of law. *Borough of Darby v. Coleman,* 47 Pa.Commonwealth Ct. 9, 407 A.2d 468 (1979).

fact that he was acquitted of all misdemeanor and felony charges.

■ Horvitz next argues that even if, as the Commission found, he had acted contrary to the rule prohibiting conduct unbecoming an officer, the Commission acted properly and within its discretion in modifying his punishment to a suspension only. He claims that since the charges of disobedience to orders-laws and inefficiency were found to be unsubstantiated, the Commission was justified in reducing his punishment.

However, the Commission in this case did find sufficient evidence to support the charge of conduct unbecoming an officer. While the Commission had the authority to determine whether Horvitz had committed this offense, once it made this decision it lacked the authority to alter the punishment imposed by the Sheriff. In *Coon Appeal*, 60 Pa.Commonwealth Ct. 504, 506, 432 A.2d 266, 267 (1981), we said:

> Our decisions have clearly delineated the Civil Service Commission's authority in matters of disciplinary action. If the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the Sheriff's disciplinary action. Only if the charges are not verified may the Commission modify the Sheriff's action by reinstating the employee with or without back pay. *Omelchenko v. Housing authority of the County of Lebanon*, 58 Pa.Commonwealth Ct. 494, 428 A.2d 274 (1981).[6]

Under this standard, the Commission lacked the authority to alter the discipline given to Horvitz.

Horvitz relies on *Borough of Bristol v. Downs*, 48 Pa.Commonwealth Ct. 46, 409 A.2d 467 (1979), and *Borough of Baldwin v. Schmidt*, 82 Pa.Commonwealth Ct. 587, 477 A.2d 576 (1984), in support of his position. In *Downs*, a police officer while on duty drove four blocks outside the Borough limits in order to drive two young boys home who were caught in a winter storm. He was charged with " 'neglect or violation of an official duty, inefficiency, neglect, disobedience of orders and conduct unbecoming an officer.' " *Downs*, 48 Pa.Commonwealth Ct. at 49, 409 A.2d at 467. Subsequently, he was suspended and permanently demoted. The Bristol Borough Civil Service Commission reinstated him to his original rank, finding that all charges except for the violation of an official duty were unsubstantiated. Likewise, in *Schmidt*, we upheld the Civil Service Commission of the Borough of Baldwin's modification of the decision to dismiss a police officer. In that case, the officer was found not guilty of the major charges against him, *i.e.*, intoxication while on duty and commission of a misdemeanor or felony, but was found guilty of the relatively minor offenses of neglect of an official duty and neglect and disobedience of orders.

*Downs* and *Schmidt*, though, are distinguishable from the present case. In this case, the Commission found that Horvitz was guilty of the charge of conduct unbecoming an officer on the basis of the incident which occurred on December 2, 1992. This is a major offense under the Deputy Sheriff's Act and provided sufficient grounds, in and of itself, for the Sheriff to dismiss Horvitz. We are not faced with a situation where the decision to dismiss was based on a charge which has been repudiated. Thus, it was irrelevant that the other charges against him were not upheld by the Commission. Conversely, in *Downs* and *Schmidt*, the officers were found not guilty of all but the most minor offenses. In those cases, none of the charges which would have warranted the punishments originally imposed were found to have any merit. Therefore, unlike this

6. We recognize that *Omelchenko* is a case which arose under the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1–741.1005. This act governs the operation of the State Civil Service Commission. In 1989, Section 952(c) of the Civil Service Act, 71 P.S. § 741.952(c), was amended, giving the State Civil Service Commission the authority to modify or set aside a disciplinary action which is before it. However, similar authority has not been given to civil service commissions on the county level. Therefore, while the reasoning in *Omelchenko* no longer applies to the State Civil Service Commission, *see Galant v. Department of Environmental Resources*, 534 Pa. 17, 626 A.2d 496 (1993), it retains force for the present case involving the Civil Service Commission for Allegheny County Police and Firemen.

case, modification of the punishments in *Downs* and *Schmidt* was justified.

Horvitz's second argument is that under the Deputy Sheriff's Act, the Sheriff lacked the right to appeal to the court of common pleas from an adverse decision of the Commission. Section 10(f) of the Sheriff's Act states: "If the commission sustains the party who preferred the charge, the party against whom the charge was made shall have an immediate right of appeal to the court of common pleas of the county." 16 P.S. § 4221.10(f). No mention is made in the Act of the Sheriff having a right to appeal. Horvitz argues that the legislature has implicitly denied the Sheriff a right to appeal. We disagree.

Section 752 of the Local Agency Law provides:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

2 Pa.C.S. § 752. Sheriff Coon is a "person aggrieved" under the local agency law, and as such, has a right to appeal the decision of the Commission. Horvitz's argument that the Deputy Sheriff's Act precludes a right of appeal by the Sheriff from the Commission is without merit. Section 751(a) of the Local Agency Law, 2 Pa.C.S. § 751(a), states:

> **General Rule.**—Except as provided in subsection (b), this subchapter shall apply to all local agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.

Even if the Deputy Sheriff's Act expressly denied the Sheriff's right to appeal, which it does not, the Sheriff would still have a right to appeal under the Local Agency Law. Therefore, the court of common pleas in this case correctly determined that it had jurisdiction to hear the Sheriff's appeal from the decision of the Commission.

Horvitz's third argument is that the court of common pleas erred in granting the Sheriff an automatic supersedeas in his appeal from the decision of the Commission. Since we are upholding the Sheriff's dismissal of Horvitz, this argument is now moot. Therefore, we need not address it to resolve this case.

Accordingly, we affirm the order of the Court of Common Pleas of Allegheny County reversing the decision of the Commission which had reinstated Horvitz as a deputy sheriff.

## ORDER

NOW, January 30, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.