## CITY OF PHILADELPHIA

v.

## CIVIL SERVICE COMMISSION OF the CITY OF PHILADELPHIA and Robert Luna.

### Appeal of Robert LUNA, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 1998.

Decided June 25, 1998.

Publication Ordered Sept. 1, 1998.

Mark Featherman, Philadelphia, for appellant.

William C. McGovern, Philadelphia, for appellee.

Before COLINS, President Judge, KELLEY, J., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Robert Luna (Luna) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court). The trial court's order reversed the decision of the Civil Service Commission of the City of Philadelphia (Commission) which reinstated Luna to his civil service position without back pay. We affirm.

The City of Philadelphia (City) employed Luna for seven years as a custodial worker in the Water Department (Department). During his employment, Luna verbally abused his supervisor, Thomas Omlor, on four separate occasions. The first incident occurred on December 6, 1993, when Luna's supervisor observed him reclining on a laundry table reading a newspaper. Upon questioning Luna about his lack of activity, Luna became abusive and argumentative towards the supervisor. The supervisor recommended to management that Luna serve a five-day suspension for his disrespectful behavior. Luna ultimately served the suspension.

The next incident occurred during August 1995, when Luna approached the supervisor about his performance appraisal. The supervisor informed Luna that if he had any problems with the performance appraisal he should follow proper procedure and request a review by the group leader. Luna stated that he did not want to follow the procedure and asked the supervisor to go outside to talk about the appraisal. The supervisor refused to go outside and asked Luna to leave his office. Luna again became abusive and threatened that he would "take care" of the supervisor if he did not change the performance review to satisfactory. The supervisor recorded the episode in a memorandum

to the plant manager informing him of Luna's abusive behavior.

The last two incidents occurred within a month of each other in the summer of 1996 and culminated in Luna's dismissal from the Department. On June 28, 1996, Luna parked his personal car in the plant parking lot. The Department's policy requires that an employee have a valid driver's license before the employee can park a personal vehicle in the plant parking lot. After Luna failed to produce a valid driver's license, the supervisor directed Luna to remove his car from the plant parking lot. Luna refused to do so and cast foul and insulting language upon his supervisor. The Department held a hearing on the matter on July 9, 1996 at which time the supervisor recommended that Luna be suspended for five days. Before the Department could respond to the recommendation, Luna was involved in another incident.

The final confrontation arose when Luna reported to work on July 19, 1996 at approximately 9:30 a.m., nearly two hours after his regular starting time of 7:30 a.m. Luna had been scheduled for a vacation day, but due to inclement weather he decided to come to work. When he arrived, Luna asked to have his time card so he could report his presence. Luna's supervisor told him that the time cards had been turned in to the timekeeper and that another employee had covered his job assignment. The supervisor also told Luna that he was not going to allow him to report to work at his convenience.

Luna again became very agitated and expressed his displeasure about the supervisor's decision in abusive and profane language. The supervisor then told Luna to leave the premises, which he refused to do. Consequently, the supervisor spoke with someone from the personnel department who recommended that security be called to remove Luna from the plant. When the security people arrived, Luna left the premises without further incident.

Based on the last two incidents and Luna's prior record of inappropriate behavior, the supervisor recommended to management that Luna be dismissed from his employment with the Department. The City ultimately agreed with the recommendation and notified Luna of his dismissal on August 20, 1996. The notice of dismissal cited Luna's insubordination and abusive behavior on the four previously discussed dates as the basis for the dismissal.

Luna sought immediate review of his dismissal with the Commission. After securing testimony from Luna and his supervisor, the Commission determined that Luna had been abusive with the supervisor on June 28, 1996 and July 19,1996, and held that the supervisor had legitimate grounds to effectuate disciplinary action.[1] The Commission, however, decided that Luna's conduct did not justify termination. It making this decision, the Commission considered Luna's remorse and temperament and the City's failure to follow progressive discipline. Consequently, the Commission reinstated Luna to employment with the City without back pay and placed Luna in probationary status for six months.

The City appealed the Commission's decision to the trial court on March 31, 1997 and filed a request for reconsideration with the Commission on April 3, 1997. The Commission denied the request for reconsideration by order dated May 29, 1997 noting that the City had not raised any legal or factual issues which would warrant further review. The trial court then reviewed the appeal and reversed the decision of the Commission. The trial court determined that the Commission found as a matter of law that just cause existed for the disciplinary action taken by the Department. The trial court also concluded that the Commission did not have the authority to modify the disciplinary action taken by the Department after it had found that Luna engaged in the abusive behavior. This appeal followed.[2]

---

1. The Commission did not address the two earlier incidents in its decision.

2. This court's scope of review of an order of the Commission is to determine whether constitutional rights were violated, an error of law com-

mitted, or findings of fact are unsupported by substantial evidence. 2 Pa.C.S. § 754; *Civil Service Commission v. Poles*, 132 Pa.Cmwlth. 593, 573 A.2d 1169 (1990), *petition for allowance of appeal denied*, 530 Pa. 31, 606 A.2d 1169 (1992).

■ Luna asserts that the Commission has been granted authority by the Philadelphia Home Rule Charter to determine whether just cause exists for dismissal of an employee.[3] We agree with this assertion and conclude that the Commission properly exercised its appellate authority when it found that Luna's abusive behavior justified his dismissal. The Commission, however, committed legal error when it modified the disciplinary action taken by management and reinstated Luna without back pay.

■ The Commission, in reviewing disciplinary actions against civil servants, must determine whether the charges brought against an employee are supported by the evidence, whether the penalty imposed is not otherwise prohibited, and whether the selection of the penalty is not arbitrary, discriminatory or an abuse of discretion. *York Township Board of Commissioners v. Batty,* 694 A.2d 395 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 550 Pa. 695, 704 A.2d 1384 (1998). In its decision, the Commission recognized and correctly applied this scope of review. Specifically, it stated:

> The Civil Service Commission is an appellate body. We do not dismiss employees. Our role is to evaluate the evidence and determine if just cause existed to justify the action taken against the worker by

management. In this case, [Luna's] own testimony established that he was being hostile toward his supervisor who he believed treated him unfairly when compared to other workers. [Luna] admitted that he lost his temper more than once and that Omlar's [sic] actions and words set him off. He also testified that he is too argumentative with that one supervisor and now realizes he should not have acted as he did on those two occasions. We find that Mr. Omlar [sic] acted properly in disciplining [Luna] on both occasions and support his actions in this regard.

(Commission's Opinion, p. 2).[4]

■ Since the Commission found that sufficient evidence supported the Department's dismissal of Luna, it should have concluded its review of the matter and overruled Luna's appeal. The legal effect of the Commission's findings is that just cause existed for Luna's dismissal. Once the Commission confirmed the factual basis for Luna's dismissal, it was required to uphold the Department's disciplinary action absent an abuse of discretion. 351 Pa.Code § 7.7–201; *see also Coon v. Civil Service Commission of Allegheny County,* 654 A.2d 241 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 545 Pa. 63, 679 A.2d 1263 (1996).

3. Initially, we note that any dismissal or demotion after the completion of the required probationary period of service, or suspension of any employee in the civil service shall be for just cause only. Philadelphia Home Rule Charter, 351 Pa.Code § 7.7–303. The Commission's specific grant of appellate authority is expressed in Chapter 2 of the Philadelphia Home Rule Charter, 351 Pa.Code §§ 7.7–200–201. Section 201 of the Charter provides in pertinent part:

> The Civil Service Commission shall hear and dispose of appeals as provided in this section. Any employee who is dismissed or demoted after completing his probationary period of service, or who is suspended for more than ten days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the Commission for review thereof. Every appeal shall be heard promptly. Upon such review, both the appealing employee and the appointing authority involved shall have the right to be heard publicly and to present evidence.... The findings and decisions of the Commission shall be in writing and shall be certified to the Personnel Director.
>
> If the Commission sustains the appeal on the ground that the action complained of was tak-

en by the appointing authority for any political, religious or racial reason, or labor union activity lawful for municipal employees, it shall order the employee to be reinstated to his former position without loss of pay for the period of his suspension. In all other cases where the Commission sustains the appeal of the employee it shall order the reinstatement of the employee in his former position with or without loss of pay for the period of his suspension or direct that he be appointed to a position of equal status in the same office, department, board or commission with or without loss of pay for the period of his suspension. If the Commission overrules the appeal of the employee, it shall confirm the action of the appointing authority which shall be final as of the date it was taken.

4. The Commission's decision incorrectly states July 9, 1996 as the date Luna engaged in disrespectful behavior towards his supervisor concerning the parking of his car in the plant parking lot. This episode actually occurred on June 28, 1996.

The Commission, however, ignored these directives and exceeded its appellate authority when it rescinded the Department's dismissal and reinstated Luna without back pay.[5] We note that the Philadelphia Home Rule Charter is bereft of statutory language expressly permitting the Commission to modify or set aside disciplinary action taken by a municipal department in Philadelphia County when the Commission's own findings support the action. Thus, the Commission should have approved the disciplinary action taken by the Department once it established that just cause existed for Luna's dismissal.

 Luna also implicitly asserts that the Philadelphia Home Rule Charter by its very existence grants the Commission the power to modify management decisions. We note that a municipality and its administrative bodies possess no power by implication. *American Aniline Products, Inc. v. Lock Haven*, 288 Pa. 420, 135 A. 726 (1927). Instead their power is derived from the clear expression of authority granted by the legislature. *Id.* Moreover, if there is doubt as to the existence of a municipality's authority, we are to resolve this doubt by concluding that the authority does not exist. *Id.*

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 25th day of June, 1998, the order of the Court of Common Pleas of Philadelphia County, dated August 12, 1997, at No. 9703–3529, is affirmed.

---

**5.** Our Supreme Court has held that the State Civil Service Commission may modify the disciplinary action of the appointing authority when statutory authority exists. *Galant v. Department of Environmental Resources*, 534 Pa. 17, 626 A.2d 496 (1993) (holding that 71 P.S. § 741.952(c) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, permits the State Civil Service Commission to modify or set aside disciplinary action). We have affirmed this position and have further held that civil service commissions at the county level do not have this authority. *Coon v. Civil Service Commission for Allegheny County*, 654 A.2d 241 (Pa.Cmwlth.1995) *petition for allowance of appeal denied*, 545 Pa. 63, 679 A.2d 1263 (1996).