# Board of Commissioners of
# Upper Moreland Township v. McCauley

*Scott E. Blissman,* for plaintiff.
*Blake Dunbar,* for defendant.

HODGSON, *P.J.,* January 9, 2008—The Board of Commissioners of Upper Moreland Township (appellant) appeals the order of this court dated October 18, 2007 in which we denied appellant's petition for review of a decision and order issued by the Upper Moreland Township's Civil Service Commission (commission).

## FACTS AND PROCEDURAL HISTORY

On December 23, 2005, Officer Bryan McCauley, an Upper Moreland Township Police Officer, was on duty when he received a radio dispatch that a probationary police officer was making a traffic stop. McCauley immediately responded to the call and activated his overhead lights and siren. However, he subsequently received a second dispatch from the probationary officer indicating that he no longer needed assistance. Upon hearing this, McCauley deactivated his overhead lights and siren but continued driving toward the traffic stop's location. While en route, McCauley proceeded to an intersection, at which time he collided with a privately occupied vehicle.

An investigation was conducted in which it was determined that McCauley was traveling at a high rate of

speed at the time the accident occurred which was a substantial factor in causing the collision. As a result, McCauley was subsequently charged with violating subsections two and four of the civil service provisions of the First Class Township Code, which includes a charge of neglect or violation of official duties and a charge of inefficiency, neglect, disobedience of orders or conduct unbecoming an officer.[1] Thereafter, appellant, acting pursuant to a recommendation from the Upper Moreland Township Police Chief (Chief Moffett), suspended McCauley for 96 hours, which is the equivalent of eight working days.

McCauley appealed appellant's decision to the commission and a hearing on the appeal was held on July 17, 2006. At the hearing, Chief Moffett testified that McCauley had been involved in a prior accident in September 2005. Chief Moffett went on to state that in recommending McCauley's sentence, he consulted the Upper Moreland Township's penalty guidelines under General Order 81-1[2] for second offenses under the charge of neglect of duty, and from this, concluded that an eight-day suspension was appropriate.

---

1. No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: (2) neglect or violation of your official duties; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer. 55 P.S. §55644(2), (4).

2. Chief Moffett consulted General Order 81-1, section IV neglect of duty, section 17 "damage to a township vehicle as a result of a chargeable accident, whether occupied or unoccupied" for second offenses, which provides a suspension from five to 20 days.

After the hearing, the commission issued a written order on September 27, 2006, modifying McCauley's penalty from an eight-day suspension to a four-day suspension. Among its reasons for its decision, the commission held that it did not find that the facts of the September 2005 incident were sufficient to constitute a chargeable offense and therefore, concluded that the December 23, 2005 incident was McCauley's first offense. The commission went on to find that McCauley's behavior on December 23, 2005 did not rise to the level of conduct unbecoming an officer as it is defined by Pennsylvania law and General Order 81-1 of the Upper Moreland Township's penalty guidelines. Appellant subsequently petitioned this court to review the commission's decision, which we affirmed on October 18, 2007. Appellant now appeals our decision. In accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, we directed appellant to file a concise statement of matters complained of. Said statement was filed on December 11, 2007.

## LEGAL DISCUSSION

Appellant's issues raised on appeal may be summarized as follows:

I. This court erred in upholding the commission's decision to modify McCauley's sentence since there is no evidence that the original penalty was arbitrary, capricious or discriminatory.

II. The court erred in upholding the commission's decision to modify McCauley's sentence because a

civil service commission may not partially modify an original penalty.

## I. *Evidence That Original Penalty Was Arbitrary, Capricious or Discriminatory*

Appellant first argues that this court erred in upholding the commission's decision to amend McCauley's penalty because there is no substantial evidence that the original eight-day suspension was arbitrary, capricious or discriminatory.

Under Pennsylvania law, a reviewing court must uphold a civil service commission's decision "unless there has been a violation of constitutional rights, an error of law, noncompliance with the Local Agency Law or if any factual finding made by the commission necessary to support its decision is not supported by substantial evidence." *Murphy v. Board of Commissioners of Lower Merion Twp.,* 40 D.&C.3d 577, 580 (Montg. Cty. 1985). "Absent evidence of arbitrary or discriminatory conduct or an abuse of discretion, the commission has no authority to modify the penalties imposed by borough officials for violations of the [borough] code where the charges brought against the officer are found by the commission to be supported by the evidence and where the penalties imposed are not otherwise prohibited." *Id.* at 583. Thus, in applying this standard, our review of the commission's adjudication is limited to a determination of whether its decision is supported by substantial evidence and that there is no error of law or abuse of discretion. *Appeal of Officer Keith Jordan from the Order of The Lower Merion Township Civil Service Commission,* 39 D.&C.3d 632, 636 (Montg. Cty. 1985).

## A. Analysis of the September and December 2005 Incidents As Separate Chargeable Offenses

In the instant case, the commission amended McCauley's penalty because the December 23, 2005 accident could not properly be considered a second chargeable offense since the September 2005 incident did not rise to the level of a first chargeable offense. Appellant argues that the commission erred in conducting such analysis by improperly inferring that McCauley's original sentence was imposed because of both the September and December 2005 incidents and as such, incorrectly considered the September 2005 event as a mitigating factor in modifying the sentence.

A review of the commission's findings of fact and law indicate that its decision to modify McCauley's sentence was proper. At the commission's July 17, 2006 hearing, Chief Moffett testified that he recommended the sentence after examining General Order 81-1 of the Upper Moreland Township Penalty Guidelines for second offenses for the violation of neglect of duty—damage to a township vehicle, from which he derived an eight-day suspension. Appellant then acted pursuant to Chief Moffett's suggestion and imposed the penalty. In doing so, appellant implicitly accepted the police chief's analysis that McCauley's suspension was based on two chargeable offenses. Accordingly, the commission, in reviewing McCauley's sentence did not err in evaluating both the September and December 2005 accidents as separate incidents. We further agree that there was insufficient evidence to support the September 2005 accident as a first chargeable offense, since the only information pre-

sented at the commission's hearing regarding the event, was that McCauley was involved in a minor automobile accident in which no one was injured. On this basis, the commission's decision to modify McCauley's sentence was proper.

## B. Conduct Unbecoming an Officer

The commission also based its decision to amend McCauley's sentence upon finding that there was insufficient evidence to support the charge of conduct unbecoming an officer. Specifically, the commission found that appellant's purported behavior did not constitute such conduct as it has been interpreted under Pennsylvania law and as is laid out in General Order 81-1 of the Upper Moreland Township's penalty guidelines.

Conduct unbecoming an officer is defined as behavior "that adversely affects the morale or efficiency of the police force or tends to destroy public respect for, and confidence in, the police force." *Brooks v. Civil Service Commission of Shaler Township,* 755 A.2d 115, 118 (Pa. Commw. 2000). Moreover, General Order 81-1 of the Upper Moreland Township penalty guidelines provides a list of charges which constitute conduct unbecoming an officer, which includes:

"(1) accepting bribes or gratuities for permitting illegal acts;

"(2) failure to report in writing, offers of bribes or gratuities to permit illegal acts;

"(3) involvement in a crime of moral turpitude;

"(4) knowingly and willingly making a false entry in any departmental report or record or approving same;

"(5) associating, fraternizing or business transactions at any time, or in any manner whatsoever, with known criminals or persons engaged in unlawful activities;

"(6) participating in games of chance or gambling while on duty; and

"(7) fighting or quarrelling with members of the department." Section I, General Order 81-1, Upper Moreland Township Penalty Guidelines.

Applying the standard articulated above and upon review of the relevant guidelines, we find that the commission was correct in its determination that McCauley's behavior did not rise to the level of conduct unbecoming an officer. Although appellant maintains that McCauley's operation of his vehicle in excess of the posted speed limit without the use of his overhead lights or siren falls within the definition of such conduct, there is no evidence that McCauley engaged in any of the types of behavior specified in the guidelines that merit a charge of conduct unbecoming an officer. The commission's decision is further supported by *Appeal of Leis,* 72 Pa. Commw. 104, 455 A.2d 1277 (1983). In that case, a police officer was charged with engaging in conduct unbecoming an officer based on his failure to activate his siren when responding to an emergency call. The penalty was affirmed by the court of common pleas. On appeal, the Commonwealth Court reversed, finding that although the defendant's behavior was a mistake in judgment or possible negligent act, it did not constitute conduct unbecoming an officer. The court based its decision after reviewing the defendant's testimony and the department's policy that a police officer's use of his siren is discretionary. This is similar

to the instant case where the commission based its decision upon finding that appellant's behavior did not fall within the gambit of General Order 81-1 and did not rise to the level of such conduct as it has been defined by Pennsylvania common law. Thus, upon review of the commission's decision and its reasoning we find that its decision to modify McCauley's sentence was proper.

## C. Penalty Guidelines

Appellant additionally claims that McCauley's original eight-day suspension should be reinstated because it is an appropriate sentence for either a first or second time offense under the penalty guidelines. We find that this is insufficient to disturb the commission's decision. The Pennsylvania Supreme Court has held that "documents establishing only general guidelines for further consideration, rather than promulgating binding rules of law, constituted statements of policy rather than regulations." *Metro Transportation Company v. Pennsylvania Public Utility Commission,* 105 Pa. Commw. 592, 597, 525 A.2d 24, 27 (1987) citing *Lopata v. Unemployment Compensation Board of Review,* 507 Pa. 570, 493 A.2d 657 (1985). On this basis, the penalty guidelines provided in General Order 81-1 are not binding upon the commission in modifying a law enforcement officer's penalty. Thus, the commission was free to review McCauley's original sentence and modify it as it deemed necessary.

## D. Burden of Proof

Appellant also argues that this court erred in requiring it to prove that McCauley's original eight-day suspension

was not arbitrary, capricious or discriminatory when such a burden should have been placed on McCauley. We disagree and find that appellant bears the burden of proof regarding why it believes McCauley's original suspension was appropriately imposed. This is supported by *Soergel v. Board of Supervisors of Middlesex Township,* 12 Pa. Commw. 311, 316 A.2d 89 (1974). In that case, a township board reduced the defendant in rank from chief to patrolman. The board's decision was upheld by the court of common pleas. On appeal to the Commonwealth Court, the court affirmed the defendant's penalty and held that the board had the burden to present clear and convincing evidence supporting the charges brought against the defendant and that "such charges proved were sufficient to warrant the discipline imposed." *Id.* at 314, 316 A.2d at 91. On this basis, we find that the burden of proof was appropriately placed on appellant.

### III. *Partial Modification of the Penalty*

Lastly, appellant maintains that the commission's decision to reduce McCauley's sentence was improper because a civil service commission is not permitted to partially modify penalties imposed by borough officials. We reject appellant's argument and find that the commission properly acted within its authority in reducing McCauley's sentence. A civil service commission may modify a penalty imposed by borough officials where it finds that it is unsubstantiated by the evidence. This principle is reflected in *Borough of Bristol v. Downs,* 48 Pa. Commw. 46, 409 A.2d 467 (1979). In that case, a civil service commission reduced the defendant's punishment from a permanent reduction in rank to a three-day

suspension upon finding there was insufficient evidence to substantiate his charges. The borough appealed and argued that the commission did not have power to modify the action taken by the council. The court held otherwise and found that only some of the defendant's charges were substantiated by evidence and as such, the civil service commission acted appropriately within its discretion in amending the defendant's punishment. *Id.* at 50, 409 A.2d at 469. Thus, on this basis, we find that the commission properly acted within its authority in modifying McCauley's sentence.

## CONCLUSION

Based on the forgoing, the undersigned respectfully requests that the court's dismissal of appellant's petition be affirmed.